UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| QUEST PACKAGING LLC,<br><br>                       Plaintiff,<br><br>   v.<br><br>LIN CHENG,<br><br>                       Defendant. | Civil Action No. 3:21-cv-00372 |

## COMPLAINT

Plaintiff Quest Packaging LLC ("Plaintiff"), by its undersigned attorneys, for its Complaint against Lin Cheng ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Through inequitable conduct, Defendant improperly obtained a United States design patent, D911,835 ("the '835 Patent") that claims the ornamental design of a foldable gift box that was on sale for years before the application for the '835 Patent was filed and which was disclosed in a Korean patent publication a decade prior to its filing. (A copy of the '835 Patent is attached hereto as Exhibit 1.)

2. Even though Defendant, upon information and belief, knew that foldable gift boxes bearing the design claimed in the '835 Patent were on sale for years prior to the '835 Patent's priority date, Defendant illegally and improperly failed to disclose this information to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '835 Patent.

3. After obtaining the '835 Patent, Defendant, upon information and belief, knowing that the '835 Patent was invalid and unenforceable, began asserting the patent against Plaintiff by

submitting notices of infringement to Amazon.com ("Amazon"), which caused Plaintiff's Amazon listings for foldable gift boxes to be taken down, causing a resultant loss of business to Plaintiff.

4. Plaintiff, an online retailer of foldable gift boxes, among other things, brings this action for a judgment declaring that the '835 Patent is invalid and obtained by inequitable conduct, and to recover its damages caused by Defendant's illegal and improper conduct.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331, 1338, and 1367.

6. The Court has personal jurisdiction over Defendant pursuant to 35 U.S.C. § 293, which provides that, in cases involving a "patentee not residing in the United States," this Court "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."

7. Upon information and belief, Defendant is the owner of the '835 Patent and, as a Chinese resident and citizen, is a "patentee not residing in the United States" under 35 U.S.C. § 293. Upon information and belief, Defendant has not provided "a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder." 35 U.S.C. § 293. Thus, Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293. Venue is also proper under 28 U.S.C. § 1391(c)(3) because a defendant that does not reside in the United States may be sued in any judicial district.

## THE PARTIES

9. Plaintiff is a corporation formed under the laws of the state of New Jersey with a place of business at 65 Shady Lane Drive Lakewood, New Jersey 08701.

10. Upon information and belief, Defendant is an individual who is a Chinese citizen and resident of Shenzhen, China with an address at No. 3039, Bao'an RD (North), Luohu DIST, GD Shenzhen China 518000.

## PLAINTIFF AND ITS BUSINESSES

11. Plaintiff is an online retailer of a wide variety of products. Among the online platforms that Plaintiff uses to offer and sell its products is the Amazon Marketplace.

12. The Amazon Marketplace is an online e-commerce platform that allows for third parties like Plaintiff to sell products on that platform.

13. Plaintiff offers a variety of craft, stationery, and paper products on Amazon's Marketplace, including foldable gift boxes.

14. Upon information and belief, Amazon is the world's largest online retailer.

15. The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties like Plaintiff with exposure to the world marketplace on a scale that no other online retailer can currently provide.

16. At all relevant times, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff is permitted to sell its products on Amazon's e-commerce platform.

17. A significant portion of Plaintiff's business is derived from the sale of products on the Amazon platform.

18. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

## THE '835 PATENT

19. On January 18, 2019, Defendant filed the application for the '835 Patent with the USPTO (the "Application").

20. The Application identified Defendant as the inventor of the design claimed in the application for the '835 Patent.

21. The Application Data Sheet ("ADS") listed the following email address under the "Correspondence Information" for Defendant: emest_tmchan@yahoo.com.

22. In connection with the Application, Defendant signed a declaration pursuant to 37 C.F.R. § 1.63 stating, in part, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application."

23. Upon information and belief, at all relevant times, Defendant knew that he was not the original inventor or an original joint inventor of a claimed invention in the Application.

24. Upon information and belief, prior to filing the Application, Defendant knew that third parties were selling foldable gift boxes comprising the design claimed in the Application.

25. Upon information and belief, during the prosecution of the Application, Defendant knew that, prior to January 18, 2019, third parties such as Plaintiff were selling foldable gift boxes comprising the design claimed in the Application.

26. During the prosecution of the '835 Patent, Defendant did not disclose to the USPTO that third parties were selling foldable gift boxes comprising the design claimed in the Application prior to January 18, 2019.

27. The '835 Patent, entitled "FOLDING GIFT BOX," issued on March 2, 2021. The '835 Patent claims the ornamental design of a folding gift box that is identical in all respects to the design of a foldable gift box set forth in Korean Utility Model Application No. 20-2008-0000066, which was published as Korean Utility Model Publication No. 20-2009-0006890 ("the

Korean Publication") on or about July 8, 2009, almost a decade prior to the filing of the '835 Patent.  (A copy of the Korean Publication is attached hereto as Exhibit 2.)

## DEFENDANT'S ILLEGAL CONDUCT

28. As demonstrated below, Defendant has engaged in a course of conduct designed to preclude Plaintiff from selling its foldable gift box by making false and defamatory allegations of intellectual property infringement.

29. Upon information and belief, Defendant either sells foldable gift boxes on e-commerce platforms such as Amazon, or sells foldable gift boxes to third parties who resell them on the Amazon platform.

30. Upon information and belief, Defendant competes with Plaintiff with respect to sales of foldable gift boxes.

31. Upon information and belief, the purpose of the false complaint that Defendant made to Amazon regarding Plaintiff's foldable gift boxes was, and is, to injure competitors such as Plaintiff by causing Amazon to take down Plaintiff's listings for its foldable gift boxes, and to otherwise damage Plaintiff's sales, reputation and goodwill.

32. Because the '835 Patent is unenforceable as it was obtained through inequitable conduct and is otherwise invalid, Defendant has no legitimate intellectual property claim against Plaintiff.

33. It is well-known among intellectual property owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

34. As one Amazon expert has previously explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and

> possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

35. It is well known that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

36. On the occasions that Amazon does reinstate a product listing, it can take Amazon weeks to do so.

37. Upon information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

38. Upon information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports that a product infringes a design patent, regardless of the truth of the report.

39. Upon information and belief, Defendant was, at all relevant times, aware that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller

demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

40. Upon information and belief, on or about April 15, 2021 and April 18, 2021, Defendant filed or caused to be filed complaints with Amazon which alleged that Plaintiff's foldable gift boxes infringed the '835 Patent (the "Reports").

41. Specifically, the Reports alleged that Plaintiff's foldable gift boxes sold under the following listings on the Amazon Marketplace (identified by their Amazon Standard Identification Numbers ("ASINs")) infringed the '835 Patent: B08ML51R86; B081NWM1NB, B081P21Y5N, B081QL55ZN, B08MLNXKQ8, B081NWJTB2, B08MKT7S6W, B08MKJY2GR, and B081P8W8RG.

42. The Reports—which were identified by "Complaint ID: 8226717331" and "Complaint ID: 8226687771"—both provided the following email address as the "contact details" for Defendant: jinmingbm@163.com.

43. Upon information and belief, at all relevant times, Defendant knew that such allegations of patent infringement in the Reports were false.

44. The Reports submitted to Amazon were signed by Defendant under penalty of perjury.

45. When submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.
>
> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited April 16, 2021).

46. The Reports caused Amazon to take down Plaintiff's listings for its foldable gift boxes.

47. Upon information and belief, at all relevant times, Defendant has known that the '835 Patent is invalid and unenforceable.

48. Upon information and belief, Defendant's defamatory allegations that Plaintiff's foldable gift boxes infringed the '835 Patent were knowingly false and made in bad faith, and with the intent to damage Plaintiff.

49. As a result of the above false Reports, Plaintiff's Amazon listings for Plaintiff's foldable gift boxes were taken down, resulting in an immediate loss of revenue and profits for Plaintiff.

50. At no time has Plaintiff infringed the '835 Patent.

51. Upon information and belief, Defendant knowingly made false intellectual property rights complaints against Plaintiff.

52. Upon information and belief, the true purpose of the Reports were to ensure the removal of Plaintiff's listing for Plaintiff's foldable gift boxes, and to control pricing and eliminate fair competition in the foldable gift box market.

## FIRST CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement and Patent Invalidity)**

53. Plaintiff repeats and realleges the allegations of Paragraphs 1–52 as if fully set forth herein.

54. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

55. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the '835 Patent due to the assertion of the '835 Patent against Plaintiff.

56. The '835 Patent is invalid for failure to comply with at least 35 U.S.C. § 102(a) in view of, among other things, the Korean Publication which was published almost a decade prior to the January 18, 2019.

57. In view of the foregoing, Plaintiff is entitled to a judgment declaring that the '835 Patent is invalid under at 35 U.S.C. § 102, and that Plaintiff's foldable gift boxes do not infringe the '835 Patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement and Unenforceability)

58. Plaintiff repeats and realleges the allegations of Paragraphs 1–57 as if fully set forth herein.

59. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

60. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged enforceability of the '835 Patent due to the assertion of the '835 Patent against Plaintiff.

61. Upon information and belief, before and during the prosecution of the '835 Patent, Defendant knew that third parties were selling foldable gift boxes comprising the design claimed in the application for the '835 Patent.

62. During the prosecution of the '835 Patent, Defendant failed to disclose to the USPTO that third parties were selling foldable gift boxes comprising the design claimed in the Application prior to January 18, 2019.

63. Upon information and belief, Defendant's failure to disclose such prior art foldable gift boxes to the USPTO was intentional.

64. Upon information and belief, at all relevant times, Defendant knew that these prior art foldable gift boxes were material because they rendered the design claimed in the '835 Patent unpatentable.

65. Upon information and belief, Defendant failed to disclose the prior art foldable gift boxes to the USPTO with an intent to deceive because Defendant deliberately wanted to hide the fact that the design claimed in the '835 Patent was unpatentable in view of these prior art foldable gift boxes.

66. Upon information and belief, had the USPTO been aware of the prior art foldable gift boxes during the prosecution of the '835 Patent, it would not have allowed the '835 Patent to issue.

67. Upon information and belief, because Defendant failed to disclose the prior art foldable gift boxes, the USPTO allowed the '835 Patent to issue.

68. In view of the foregoing, Plaintiff is entitled to a judgment declaring that the '835 Patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable, and that Plaintiff's foldable gift boxes do not infringe the '835 Patent.

### THIRD CAUSE OF ACTION
**(Tortious Interference with Contract and Business Relations)**

69. Plaintiff repeats and realleges the allegations of Paragraphs 1–68 as if fully set forth herein.

70. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

71. Plaintiff also has a contractual relationship with Amazon, including through the Amazon Business Services Agreement.

72. At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as its contractual relationship with Amazon.

73. At all relevant times, Defendant was aware of the terms and conditions of Plaintiff's contract with Amazon, as well as the advantageous business relationship that comes with being an Amazon Marketplace seller.

74. Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by falsely claiming, with knowledge of such falsity, in writing, to Amazon, that Plaintiff was selling infringing products.

75. Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

76. Defendant intended to cause Amazon to remove Plaintiff's listing for Plaintiff's foldable gift boxes on Amazon, and therefore to interfere with Plaintiff's business relationship with Amazon.

77. Defendant had actual knowledge that its actions would cause Amazon to remove Plaintiff's listings for Plaintiff's foldable gift boxes.

78. Defendant's defamatory accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

79. Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's Amazon listing for Plaintiff's foldable gift boxes to be taken down.

80. Defendant's Reports regarding Plaintiff's foldable gift boxes sold by Plaintiff were defamatory, made maliciously and with the intent to interfere with Plaintiff's business relationship with Amazon.

81. Plaintiff has been damaged by the removal of its listings for Plaintiff's foldable gift boxes in that it lost, and continues to lose, revenue and profits related to Plaintiff's foldable gift boxes.

82. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

83. Defendant's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

84. Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, Plaintiff will continue to suffer injury.

**FOURTH CAUSE OF ACTION**
**(Defamation)**

85. Plaintiff repeats and realleges the allegations of Paragraphs 1–84 as if fully set forth herein.

86. Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including by sending the Reports to Amazon alleging that Plaintiff infringed the '835 Patent with the intent to injure Plaintiff.

87. Plaintiff did not infringe the '835 Patent.

88. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Plaintiff's foldable gift boxes.

89. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

90. Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that the '835 Patent was unenforceable.

91. Defendant's false statements are not protected by any privilege.

92. Defendant acted with actual malice, or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and Plaintiff's customers.

93. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation *per se*.

94. The statements made by Defendant were defamatory *per se*.

95. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Plaintiff's foldable gift boxes and damage to Plaintiff's relationship with Amazon and its customers.

96. Whether by defamation *per se* or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Plaintiff's foldable gift boxes have been suspended and Plaintiff has lost sales of Plaintiff's foldable gift boxes and other products.

97. Plaintiff is entitled to damages, costs, and attorneys' fees as allowed by law.

98. As a result of the defamatory statements made by Defendant, Plaintiff has been damaged in an amount to be determined at trial.

99. Defendant's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

100. Plaintiff has suffered irreparable injury and, unless Defendant is enjoined from such activity, will continue to suffer irreparable injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Declaring that (1) the '835 Patent is invalid and unenforceable and (2) that Plaintiff has not infringed the '835 Patent;

B. Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from filing false complaints with Amazon, and any other e-commerce platform, regarding Plaintiff's foldable gift boxes;

C. Declaring this action an exceptional case under 35 U.S.C. § 285;

D. Awarding Plaintiff its damages caused by Defendant's tortious actions;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff its attorney's fees and costs incurred in this Action; and

G. Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury.

Dated: June 8, 2021                              Respectfully submitted,

                                                 */s/ Craig C. Reilly*

OF COUNSEL:                                      Craig C. Reilly (Va. Bar No. 20942)
Tuvia Rotberg                                    THE OFFICE OF CRAIG C. REILLY, ESQ.
Sandra A. Hudak                                  209 Madison Street, Suite 501
TARTER KRINSKY & DROGIN LLP                      Alexandria, VA 22314
1350 Broadway                                    Tel.:   (703) 549-5354
New York, NY 10018                               Fax:    (703) 549-5355
Tel.:   (212) 216-8000                           E-mail: craig.reilly@ccreillylaw.com
Fax:    (212) 216-8001
E-mail: trotberg@tarterkrinsky.com
        shudak@tarterkrinsky.com

                                                 ***Attorneys for Plaintiff Quest Packaging LLC***