# Exhibit A

| | |
|---|---|
| **From:** | Sandra A. Hudak |
| **Sent:** | Monday, June 21, 2021 10:05 AM |
| **To:** | emest_tmchan@yahoo.com; jinmingbm@163.com |
| **Cc:** | Craig Reilly; Tuvia Rotberg; patents3405@gmail.com |
| **Subject:** | Service of Summons by E-mail to Lin Cheng re Civil Action No. 3:21-cv-00372 in the United States District Court of the Eastern District of Virginia |
| **Attachments:** | Complaint and Exhibits - No. 3-21-cv-372 (EDVA).pdf; Summons - No. 3-21-cv-372 (EDVA).pdf; Order Permitting Service by Email and Publication - No. 3-21-cv-372 (EDVA).pdf |

**SERVICE OF SUMMONS BY E-MAIL**
To the named Defendant listed below: Lin Cheng

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

QUEST PACKAGING LLC, Plaintiff,
v.
LIN CHENG, Defendant.
Civil Action No. 3:21-cv-00372

**SERVICE OF SUMMONS BY E-MAIL**

In accordance with 35 U.S.C. § 293 and Order of the Court dated June 15, 2021, summons is hereby served by e-mail on Defendant Lin Cheng.  Defendant is hereby summoned and required to file an Answer to the Complaint with The Clerk of the Court, United States District Court for the Eastern District of Virginia, Richmond Division, 701 East Broad Street, Richmond, Virginia 23219 and serve the same upon Craig C. Reilly, THE OFFICE OF CRAIG C. REILLY, ESQ., 209 Madison Street, Suite 501, Alexandria, VA 22314, Tel.: (703) 549-5354, Fax: (703) 549-5355, E-mail: craig.reilly@ccreillylaw.com on or before July 12, 2021 (i.e., within twenty-one (21) days from the date of sending of this Service of Summons by E-mail, as well as publication of a corresponding Service of Summons by Publication in the Washington Post scheduled for June 21, 2021). If Defendant fails to do so, judgment by default may be taken against Defendant for relief demanded in the Complaint.

The Complaint seeks a declaration that U.S. Design Patent No. D911,835 entitled "Folding Gift Box" is invalid, unenforceable and not infringed by Plaintiff, and that Defendant is liable for related torts concerning false complaints submitted to Amazon.  This action arises under the patent laws of the United States, 35 U.S.C. § 1 et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

The Summons and Complaint are attached hereto.

Best regards,
Sandra A. Hudak

Sent on behalf of:
Craig C. Reilly, Esq.
209 Madison Street, Suite 501
Alexandria, Virginia 22314
USA

*Counsel for Plaintiff Quest Packaging LLC*


**Sandra A. Hudak|Associate**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn
COVID‑19 RESOURCE CENTER

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

QUEST PACKAGING LLC,

       Plaintiff,

  v.

LIN CHENG,

       Defendant.

Civil Action No. <u>3:21-cv-00372</u>

## <u>COMPLAINT</u>

Plaintiff Quest Packaging LLC ("Plaintiff"), by its undersigned attorneys, for its Complaint against Lin Cheng ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.  Through inequitable conduct, Defendant improperly obtained a United States design patent, D911,835 ("the '835 Patent") that claims the ornamental design of a foldable gift box that was on sale for years before the application for the '835 Patent was filed and which was disclosed in a Korean patent publication a decade prior to its filing. (A copy of the '835 Patent is attached hereto as Exhibit 1.)

2.  Even though Defendant, upon information and belief, knew that foldable gift boxes bearing the design claimed in the '835 Patent were on sale for years prior to the '835 Patent's priority date, Defendant illegally and improperly failed to disclose this information to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '835 Patent.

3.  After obtaining the '835 Patent, Defendant, upon information and belief, knowing that the '835 Patent was invalid and unenforceable, began asserting the patent against Plaintiff by

submitting notices of infringement to Amazon.com ("Amazon"), which caused Plaintiff's Amazon listings for foldable gift boxes to be taken down, causing a resultant loss of business to Plaintiff.

4.      Plaintiff, an online retailer of foldable gift boxes, among other things, brings this action for a judgment declaring that the '835 Patent is invalid and obtained by inequitable conduct, and to recover its damages caused by Defendant's illegal and improper conduct.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331, 1338, and 1367.

6.      The Court has personal jurisdiction over Defendant pursuant to 35 U.S.C. § 293, which provides that, in cases involving a "patentee not residing in the United States," this Court "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."

7.      Upon information and belief, Defendant is the owner of the '835 Patent and, as a Chinese resident and citizen, is a "patentee not residing in the United States" under 35 U.S.C. § 293.  Upon information and belief, Defendant has not provided "a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder."  35 U.S.C. § 293. Thus, Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293.  Venue is also proper under 28 U.S.C. § 1391(c)(3) because a defendant that does not reside in the United States may be sued in any judicial district.

## THE PARTIES

9.      Plaintiff is a corporation formed under the laws of the state of New Jersey with a place of business at 65 Shady Lane Drive Lakewood, New Jersey 08701.

10.     Upon information and belief, Defendant is an individual who is a Chinese citizen and resident of Shenzhen, China with an address at No. 3039, Bao'an RD (North), Luohu DIST, GD Shenzhen China 518000.

## PLAINTIFF AND ITS BUSINESSES

11.     Plaintiff is an online retailer of a wide variety of products. Among the online platforms that Plaintiff uses to offer and sell its products is the Amazon Marketplace.

12.     The Amazon Marketplace is an online e-commerce platform that allows for third parties like Plaintiff to sell products on that platform.

13.     Plaintiff offers a variety of craft, stationery, and paper products on Amazon's Marketplace, including foldable gift boxes.

14.     Upon information and belief, Amazon is the world's largest online retailer.

15.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties like Plaintiff with exposure to the world marketplace on a scale that no other online retailer can currently provide.

16.     At all relevant times, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff is permitted to sell its products on Amazon's e-commerce platform.

17.     A significant portion of Plaintiff's business is derived from the sale of products on the Amazon platform.

18.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

### THE '835 PATENT

19.     On January 18, 2019, Defendant filed the application for the '835 Patent with the USPTO (the "Application").

20.     The Application identified Defendant as the inventor of the design claimed in the application for the '835 Patent.

21.     The Application Data Sheet ("ADS") listed the following email address under the "Correspondence Information" for Defendant: emest_tmchan@yahoo.com.

22.     In connection with the Application, Defendant signed a declaration pursuant to 37 C.F.R. § 1.63 stating, in part, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application."

23.     Upon information and belief, at all relevant times, Defendant knew that he was not the original inventor or an original joint inventor of a claimed invention in the Application.

24.     Upon information and belief, prior to filing the Application, Defendant knew that third parties were selling foldable gift boxes comprising the design claimed in the Application.

25.     Upon information and belief, during the prosecution of the Application, Defendant knew that, prior to January 18, 2019, third parties such as Plaintiff were selling foldable gift boxes comprising the design claimed in the Application.

26.     During the prosecution of the '835 Patent, Defendant did not disclose to the USPTO that third parties were selling foldable gift boxes comprising the design claimed in the Application prior to January 18, 2019.

27.     The '835 Patent, entitled "FOLDING GIFT BOX," issued on March 2, 2021. The '835 Patent claims the ornamental design of a folding gift box that is identical in all respects to the design of a foldable gift box set forth in Korean Utility Model Application No. 20-2008-0000066, which was published as Korean Utility Model Publication No. 20-2009-0006890 ("the

Korean Publication") on or about July 8, 2009, almost a decade prior to the filing of the '835 Patent. (A copy of the Korean Publication is attached hereto as Exhibit 2.)

**DEFENDANT'S ILLEGAL CONDUCT**

28. As demonstrated below, Defendant has engaged in a course of conduct designed to preclude Plaintiff from selling its foldable gift box by making false and defamatory allegations of intellectual property infringement.

29. Upon information and belief, Defendant either sells foldable gift boxes on e-commerce platforms such as Amazon, or sells foldable gift boxes to third parties who resell them on the Amazon platform.

30. Upon information and belief, Defendant competes with Plaintiff with respect to sales of foldable gift boxes.

31. Upon information and belief, the purpose of the false complaint that Defendant made to Amazon regarding Plaintiff's foldable gift boxes was, and is, to injure competitors such as Plaintiff by causing Amazon to take down Plaintiff's listings for its foldable gift boxes, and to otherwise damage Plaintiff's sales, reputation and goodwill.

32. Because the '835 Patent is unenforceable as it was obtained through inequitable conduct and is otherwise invalid, Defendant has no legitimate intellectual property claim against Plaintiff.

33. It is well-known among intellectual property owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

34. As one Amazon expert has previously explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and

possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

> **Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

See Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

35.     It is well known that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

36.     On the occasions that Amazon does reinstate a product listing, it can take Amazon weeks to do so.

37.     Upon information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

38.     Upon information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports that a product infringes a design patent, regardless of the truth of the report.

39.     Upon information and belief, Defendant was, at all relevant times, aware that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller

demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

40.     Upon information and belief, on or about April 15, 2021 and April 18, 2021, Defendant filed or caused to be filed complaints with Amazon which alleged that Plaintiff's foldable gift boxes infringed the '835 Patent (the "Reports").

41.     Specifically, the Reports alleged that Plaintiff's foldable gift boxes sold under the following listings on the Amazon Marketplace (identified by their Amazon Standard Identification Numbers ("ASINs")) infringed the '835 Patent: B08ML51R86; B081NWM1NB, B081P21Y5N, B081QL55ZN, B08MLNXKQ8, B081NWJTB2, B08MKT7S6W, B08MKJY2GR, and B081P8W8RG.

42.     The Reports—which were identified by "Complaint ID: 8226717331" and "Complaint ID: 8226687771"—both provided the following email address as the "contact details" for Defendant: jinmingbm@163.com.

43.     Upon information and belief, at all relevant times, Defendant knew that such allegations of patent infringement in the Reports were false.

44.     The Reports submitted to Amazon were signed by Defendant under penalty of perjury.

45.     When submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.
>
> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited April 16, 2021).

46. The Reports caused Amazon to take down Plaintiff's listings for its foldable gift boxes.

47. Upon information and belief, at all relevant times, Defendant has known that the '835 Patent is invalid and unenforceable.

48. Upon information and belief, Defendant's defamatory allegations that Plaintiff's foldable gift boxes infringed the '835 Patent were knowingly false and made in bad faith, and with the intent to damage Plaintiff.

49. As a result of the above false Reports, Plaintiff's Amazon listings for Plaintiff's foldable gift boxes were taken down, resulting in an immediate loss of revenue and profits for Plaintiff.

50. At no time has Plaintiff infringed the '835 Patent.

51. Upon information and belief, Defendant knowingly made false intellectual property rights complaints against Plaintiff.

52. Upon information and belief, the true purpose of the Reports were to ensure the removal of Plaintiff's listing for Plaintiff's foldable gift boxes, and to control pricing and eliminate fair competition in the foldable gift box market.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement and Patent Invalidity)

53. Plaintiff repeats and realleges the allegations of Paragraphs 1–52 as if fully set forth herein.

54. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

55.     There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the '835 Patent due to the assertion of the '835 Patent against Plaintiff.

56.     The '835 Patent is invalid for failure to comply with at least 35 U.S.C. § 102(a) in view of, among other things, the Korean Publication which was published almost a decade prior to the January 18, 2019.

57.     In view of the foregoing, Plaintiff is entitled to a judgment declaring that the '835 Patent is invalid under at 35 U.S.C. § 102, and that Plaintiff's foldable gift boxes do not infringe the '835 Patent.

### SECOND CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement and Unenforceability)**

58.     Plaintiff repeats and realleges the allegations of Paragraphs 1–57 as if fully set forth herein.

59.     This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

60.     There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged enforceability of the '835 Patent due to the assertion of the '835 Patent against Plaintiff.

61.     Upon information and belief, before and during the prosecution of the '835 Patent, Defendant knew that third parties were selling foldable gift boxes comprising the design claimed in the application for the '835 Patent.

62.     During the prosecution of the '835 Patent, Defendant failed to disclose to the USPTO that third parties were selling foldable gift boxes comprising the design claimed in the Application prior to January 18, 2019.

63.     Upon information and belief, Defendant's failure to disclose such prior art foldable gift boxes to the USPTO was intentional.

64.     Upon information and belief, at all relevant times, Defendant knew that these prior art foldable gift boxes were material because they rendered the design claimed in the '835 Patent unpatentable.

65.     Upon information and belief, Defendant failed to disclose the prior art foldable gift boxes to the USPTO with an intent to deceive because Defendant deliberately wanted to hide the fact that the design claimed in the '835 Patent was unpatentable in view of these prior art foldable gift boxes.

66.     Upon information and belief, had the USPTO been aware of the prior art foldable gift boxes during the prosecution of the '835 Patent, it would not have allowed the '835 Patent to issue.

67.     Upon information and belief, because Defendant failed to disclose the prior art foldable gift boxes, the USPTO allowed the '835 Patent to issue.

68.     In view of the foregoing, Plaintiff is entitled to a judgment declaring that the '835 Patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable, and that Plaintiff's foldable gift boxes do not infringe the '835 Patent.

## THIRD CAUSE OF ACTION
### (Tortious Interference with Contract and Business Relations)

69.     Plaintiff repeats and realleges the allegations of Paragraphs 1–68 as if fully set forth herein.

70.     Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

71.    Plaintiff also has a contractual relationship with Amazon, including through the Amazon Business Services Agreement.

72.    At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as its contractual relationship with Amazon.

73.    At all relevant times, Defendant was aware of the terms and conditions of Plaintiff's contract with Amazon, as well as the advantageous business relationship that comes with being an Amazon Marketplace seller.

74.    Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by falsely claiming, with knowledge of such falsity, in writing, to Amazon, that Plaintiff was selling infringing products.

75.    Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

76.    Defendant intended to cause Amazon to remove Plaintiff's listing for Plaintiff's foldable gift boxes on Amazon, and therefore to interfere with Plaintiff's business relationship with Amazon.

77.    Defendant had actual knowledge that its actions would cause Amazon to remove Plaintiff's listings for Plaintiff's foldable gift boxes.

78.    Defendant's defamatory accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

79.    Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's Amazon listing for Plaintiff's foldable gift boxes to be taken down.

80. Defendant's Reports regarding Plaintiff's foldable gift boxes sold by Plaintiff were defamatory, made maliciously and with the intent to interfere with Plaintiff's business relationship with Amazon.

81. Plaintiff has been damaged by the removal of its listings for Plaintiff's foldable gift boxes in that it lost, and continues to lose, revenue and profits related to Plaintiff's foldable gift boxes.

82. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

83. Defendant's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

84. Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, Plaintiff will continue to suffer injury.

## FOURTH CAUSE OF ACTION
### (Defamation)

85. Plaintiff repeats and realleges the allegations of Paragraphs 1–84 as if fully set forth herein.

86. Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including by sending the Reports to Amazon alleging that Plaintiff infringed the '835 Patent with the intent to injure Plaintiff.

87. Plaintiff did not infringe the '835 Patent.

88. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Plaintiff's foldable gift boxes.

89. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

90. Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that the '835 Patent was unenforceable.

91. Defendant's false statements are not protected by any privilege.

92. Defendant acted with actual malice, or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and Plaintiff's customers.

93. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation *per se*.

94. The statements made by Defendant were defamatory *per se*.

95. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Plaintiff's foldable gift boxes and damage to Plaintiff's relationship with Amazon and its customers.

96. Whether by defamation *per se* or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Plaintiff's foldable gift boxes have been suspended and Plaintiff has lost sales of Plaintiff's foldable gift boxes and other products.

97. Plaintiff is entitled to damages, costs, and attorneys' fees as allowed by law.

98. As a result of the defamatory statements made by Defendant, Plaintiff has been damaged in an amount to be determined at trial.

99. Defendant's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

100. Plaintiff has suffered irreparable injury and, unless Defendant is enjoined from such activity, will continue to suffer irreparable injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A.      Declaring that (1) the '835 Patent is invalid and unenforceable and (2) that Plaintiff has not infringed the '835 Patent;

B.      Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from filing false complaints with Amazon, and any other e-commerce platform, regarding Plaintiff's foldable gift boxes;

C.      Declaring this action an exceptional case under 35 U.S.C. § 285;

D.      Awarding Plaintiff its damages caused by Defendant's tortious actions;

E.      Awarding Plaintiff punitive damages;

F.      Awarding Plaintiff its attorney's fees and costs incurred in this Action; and

G.      Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury.


Dated: June 8, 2021

Respectfully submitted,

*/s/ Craig C. Reilly*

Craig C. Reilly (Va. Bar No. 20942)
THE OFFICE OF CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Tel.:    (703) 549-5354
Fax:    (703) 549-5355
E-mail: craig.reilly@ccreillylaw.com

OF COUNSEL:
Tuvia Rotberg
Sandra A. Hudak
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY  10018
Tel.:    (212) 216-8000
Fax:    (212) 216-8001
E-mail: trotberg@tarterkrinsky.com
        shudak@tarterkrinsky.com

*Attorneys for Plaintiff Quest Packaging LLC*

- 14 -

# Exhibit 1

US00D911835S

(12) **United States Design Patent**     (10) Patent No.:     **US D911,835 S**
Cheng                                     (45) Date of Patent:    ** **Mar. 2, 2021**

(54) **FOLDING GIFT BOX**

(71) Applicant: **Lin Cheng**, Shenzhen (CN)

(72) Inventor:   **Lin Cheng**, Shenzhen (CN)

(**) Term:      **15 Years**

(21) Appl. No.: **29/677,217**

(22) Filed:      **Jan. 18, 2019**

(51) **LOC (13) Cl.** ................................. **09-03**
(52) **U.S. Cl.**
     USPC ............................................ **D9/420**
(58) **Field of Classification Search**
     USPC ........ D9/420, 432, 418, 645, 748, 431, 414;
     D3/304
     CPC ..... B65D 5/5206; B65D 5/3642; B65D 5/526
     See application file for complete search history.

(56)              **References Cited**

          U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,494,361 A | * | 5/1924 | Lambert ............... B65D 5/5206 |
| | | | 206/760 |
| 3,658,237 A | * | 4/1972 | Engel .................. B65D 5/3642 |
| | | | 229/117.04 |
| 4,304,327 A | * | 12/1981 | Austin ................. B65D 5/5206 |
| | | | 206/499 |
| 4,331,231 A | * | 5/1982 | Boyle .................. B65D 5/5206 |
| | | | 206/45.25 |
| D287,466 S | * | 12/1986 | Gardner ........................ D9/414 |
| 4,938,343 A | * | 7/1990 | Willis .................. B65D 5/5206 |
| | | | 206/45.22 |
| 5,899,324 A | * | 5/1999 | Stone .................. B65D 5/5206 |
| | | | 206/45.21 |
| 6,311,845 B1 | * | 11/2001 | Uren ................... B65D 5/526 |
| | | | 206/499 |
| D548,592 S | * | 8/2007 | Kudo ............................ D9/432 |

| | | | |
|---|---|---|---|
| D685,629 S | * | 7/2013 | McAdam ....................... D9/420 |
| D707,549 S | * | 6/2014 | McAdam ....................... D9/420 |
| D737,688 S | * | 9/2015 | Stone ........................... D9/645 |
| D741,200 S | * | 10/2015 | Lee ............................. D9/748 |
| D764,281 S | * | 8/2016 | Mayer .......................... D9/431 |
| D849,531 S | * | 5/2019 | Hockin ......................... D9/432 |
| D850,908 S | * | 6/2019 | Perella ......................... D9/432 |
| D858,274 S | * | 9/2019 | Perella ......................... D9/432 |
| D860,778 S | * | 9/2019 | Dwork .......................... D9/418 |
| D866,317 S | * | 11/2019 | Cranshaw ...................... D9/420 |
| D866,319 S | * | 11/2019 | Greenfeld ...................... D9/432 |
| D887,265 S | * | 6/2020 | Perella ......................... D9/432 |
| D894,728 S | * | 9/2020 | Dwork .......................... D9/420 |
| D900,473 S | * | 11/2020 | Rachamim .................... D3/304 |
| D902,030 S | * | 11/2020 | Lemoine ....................... D9/432 |
| D905,550 S | * | 12/2020 | Noda ........................... D9/432 |

* cited by examiner

*Primary Examiner* — Rhea Shields

(57)              **CLAIM**

The ornamental design for a folding gift box, as shown and described.

          **DESCRIPTION**

FIG. **1** is a top, front perspective view of the folding gift box showing my new design;
FIG. **2** is a bottom, rear perspective view thereof;
FIG. **3** is a front elevational view thereof;
FIG. **4** is a rear elevational view thereof;
FIG. **5** is a left side elevational view thereof;
FIG. **6** is a right side elevational view thereof;
FIG. **7** is a top plan view thereof;
FIG. **8** is a bottom plan view thereof; and,
FIG. **9** is a perspective view thereof, showing the expanded box.

          **1 Claim, 9 Drawing Sheets**





FIG.1



FIG.2



FIG.3

Case 3:21-cv-00372-WHL  Document 1-1  Filed 06/25/21  Page 23 of 39 PageID # 299



FIG.4



FIG.5



FIG.6



FIG.7



FIG.8



FIG.9

# Exhibit 2

| (19) 대한민국특허청(KR) | (11) 공개번호 20-2009-0006890 |
| (12) 공개실용신안공보(U) | (43) 공개일자 2009년07월08일 |

| (51) Int. Cl. | (71) 출원인 |
| *B65D 5/32* (2006.01) *B65D 5/42* (2006.01) | **문형철** |
| *B65D 6/16* (2006.01) | 대구 동구 불로동1000-34 |
| (21) 출원번호 20-2008-0000066 | (72) 고안자 |
| (22) 출원일자 2008년01월03일 | **문형철** |
| 심사청구일자 2008년01월03일 | 대구 동구 불로동1000-34 |

전체 청구항 수 : 총 2 항

**(54) 접이식상자**

*(57) 요 약*

본 고안은 기존의 상자를 접이식으로 하여 빈상자의 보관과 운송 시에 원활하게 할 수 있도록 한 것으로 보관의 용이함과 운송의 편리함, 조립시의 시간절약을 도모하기 위한 것이다.

상자를 구성함에 있어서 내부에 삼각형 모양의 부착 면이 있고, 나머지 내부 면은 안으로 접어들게 하여 상자의 부피를 최소화 하는 것을 특징으로 보관 시 공간을 절약하고, 운송 시와 조립 시 경비를 절약할 수 있는 효과를 가져 온다.

*대 표 도* - 도1



공개실용신안 20-2009-0006890

### *실용신안 등록청구의 범위*

**청구항 1**

상자의 보관과 운송 시 그 부피를 최소화 하여 편리함을 도모하고, 상자의 조립 시 작업의 손쉬움으로 시간을 단축시키게 하는 것으로

내부몸체;

외부몸체;

**청구항 2**

제1항에 있어서,

상기 상자의 외부몸체와 내부몸체가 고정될 수 있도록 내부몸체에 삼각형 형태의 네 개의 부착 면과 또 다른 삼각형 형태의 안으로 접어들 수 있는 네 개의 면이 있는 것을 특정으로 한다.

### *명 세 서*

### *고안의 상세한 설명*

#### *기 술 분 야*

<1> 본 고안은 빈상자의 부피를 최소화 하는 것으로, 상세하게는 상자를 접어 그 부피를 최소화 하여 보관 공간의 절약과 운송과 조립시의 편리함을 도모 하고자 한다.

#### *배 경 기 술*

<2> 종래의 상자는 완성 시 그 부피로 인하여 공간을 많이 차지하고, 운송 시 무게에 비해 부피가 차지하는 비중이 커 불편함과 물류비의 과다경비를 초래하였다.

<3> 상기와 같이 부피를 절약할 수 있는 조립식 상자가 제작되고 있으나 이 또한 조립시 많은 시간을 요구하므로 발생되는 문제점이 있다.

#### *고안의 내용*

##### *해결 하고자하는 과제*

<4> 본 고안은 빈 상자를 보관과 운송 시 그 부피를 최소화 하여 보관 공간의 극소화와 운송 시 물류경비 절감과 상자의 조립 시 짧은 시간에 완성시켜 사용자로 하여금 편리함을 주는데 그 목적이 있다.

##### *과제 해결수단*

<5> 본 고안은 상자의 부피를 최소화 하게 하는 것으로, 상자를 구성함에 있어 외부몸체와 내부몸체의 두 부분으로 나누어지며, 외부몸체에 부착할 수 있도록 삼각형모양의 부착 면 네 개와 안으로 접어들게 하는 또 다른 네 개의 삼각형 면을 가진 내부몸체와 그들을 둘러싼 외부몸체로 나뉘어져 있는것을 특정으로 한다.

##### *효 과*

<6> 본 고안은 불필요한 보관 공간을 최대한 줄이고 운송시 부피를 작게하여 한꺼번에 많은 양의 상자를 운반하여 운송비를 줄일 수 있으며, 또한 조립시 펼치기 만하는 단순 작업으로 조립시간을 단축할 수 있다.

##### *고안의 실시를 위한 구체적인 내용*

<7> 본 고안을 첨부된 도면을 참조하여 상세히 설명하면 다음과 같다.

<8> 도1,도2,도3,에 표시된 바와 같이 본 고안은 외부몸체에 붙는 내부 부착면(2-1,2-2,2-3,2-4)과 안으로 접어 들어가는 내부접이면(2-5,2-6,2-7,2-8)으로 구성되어 상자로만 보관과 운송 시 펼쳐서(도면1)있는 상태로 보관과 운송 시 부피를 최소화 하였으며, 제품을 담아서는 기존의 상자 형태(도면4)를 유지할 수 있어 조립의 용이함을

- 2 -

공개실용신안 20-2009-0006890

최대화 하는 것을 특징으로 한다.

<9>    이상에서와 같이 본 고안은 비록 상기의 실시 예에 한하여 설명 하였지만 반드시 여기에만 한정 되는 것이 아니
       며, 본고안의 범주와 사상을 벗어나지 않는 범위 내에서 다양한 변형실시가 가능함은 물론이다.

### *도면의 간단한 설명*

<10>    도 1은 본 고안에 의한 상자의 구조를 도시한 평면도.

<11>    도 2는 본 고안에 의한 상자의 구조를 도시한 사시도.

<12>    도 3은 본 고안에 의한 상자의 구조를 도시한 사시도.

<13>    도 4는 본 고안에 의한 상자의 구조를 도시한 완성도.

### *도면*

#### *도면1*



– 3 –

공개실용신안 20-2009-0006890

도면2



1:외부몸체

2-3:내부부착면
2-7:내부접이면

2-4:내부부착면
2-8:내부접이면

2-1:내부부착면
2-5:내부접이면

1:내부몸체

2-2:내부부착면
2-6:내부접이면

공개실용신안 20-2009-0006890

도면3



1:외부몸체

2-3내부부착면
2-7내부접이면

2-1내부부착면
2-5내부접이면

2:내부몸체

도면4



1:외부몸체

1:내부몸체

JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

QUEST PACKAGING LLC

**DEFENDANTS**

LIN CHENG

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

THE OFFICE OF CRAIG C. REILLY, ESQ., 209 Madison Street, Suite 501, Alexandria, VA 22314, (703) 549-5354

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | **PERSONAL INJURY** | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [x] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | **LABOR** | |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 490 Cable/Sat TV |
| | | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 101 et seq.; 28 U.S.C. § 2201 et seq.

Brief description of cause:
Declaratory judgment of patent non-infringement, invalidity, and unenforceability; tortious interference with contract/business relations; defamation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE
June 8, 2021

SIGNATURE OF ATTORNEY OF RECORD
*CCR*  Craig C. Reilly VSB # 20942

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Virginia

| | |
|---|---|
| QUEST PACKAGING LLC,<br>*Plaintiff(s)*<br>v.<br><br>LIN CHENG<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 3:21-CV-00372-MHL

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LIN CHENG *
Serve: emest_tmchan@yahoo.com
jinmingbm@163.com

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Craig C. Reilly, Esq.
209 Madison Street, Suite 501
Alexandria, Virginia 22314
USA

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Fernando Galindo,*
*CLERK OF COURT*

 

Date:   June 16, 2021

_____
*Signature of Clerk or Deputy Clerk*

* Alternative service as authorized by the Court's June 15, 2021 Order (ECF No. 6).

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:21-CV-00372-MHL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

QUEST PACKAGING LLC,

                              Plaintiff,

        v.                                                    Civil Action No. 3:21-cv-00372-MHL

LIN CHENG,

                              Defendant.

## **ORDER PERMITTING ALTERNATIVE SERVICE OF PROCESS**

UPON CONSIDERATION of Plaintiff Quest Packaging LLC's Motion to Permit Alternative Service of Process under 35 U.S.C. § 293 (ECF No. 4), it is hereby

ORDERED that Plaintiff may serve the Summons and Complaint by email upon Defendant Lin Cheng using the following addresses: emest_tmchan@yahoo.com and jinmingbm@163.com; and it is further

ORDERED that Plaintiff also will publish a single notice of this action in *The Washington Post*; and it is further

ORDERED that Plaintiff will file a declaration of service once it has made service as specified herein, stating the dates on which email service and publication were accomplished.

ENTERED this **15th** day of **June 2021**.

Richmond, Virginia

/s/

M. Hannah Lauck
United States District Judge