**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| |
|---|
| QUEST PACKAGING LLC, |
| |
| Plaintiff, |
| |
| v. |
| |
| LIN CHENG, |
| |
| Defendant. |

Civil Action No. 3:21-cv-00372-MHL

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION**
**FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

This matter is currently before the Court on the motion filed by Defendant, Lin Cheng, for an extension of time to respond to the complaint (ECF No. 10, "Motion").  Plaintiff, Quest Packaging LLC, opposes that Motion.

Defendant's Motion incorrectly states that the Motion was "filed before the expiration of the time period for which Defendant is required to respond."  (Mot. ¶ 6.)  As permitted by the Court's order (ECF No. 6), Defendant was formally served with a summons and copy of the Complaint on June 21, 2021. (*See* ECF Nos. 6 and 9). Therefore, Defendant's responsive pleading was due on or before ***July 12, 2021***.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Defendant did not file its Motion for an extension of time to respond to the Complaint until July 13, 2021.  That delay, short as it may be, has consequences under the Rules.

Because Defendant did not file the Motion until after the time to file a responsive pleading expired, the Court may extend the time for Defendant to file a responsive pleading ***only if*** Defendant "failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(A).  No such "excusable neglect" has been shown or exists here.

1

Generally, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" under Rule 6(b). *Pioneer Investment Servs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 392 (1993). To be sure, "excusable neglect" "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. On the other hand, that standard is not so permissive as to excuse every failure; rather, the Court must examine "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395. Defendant cannot show "excusable neglect" under this standard. Several facts reveal this clearly:

First, the case was filed on June 8, 2021, and of public record, putting the world on notice. Moreover, Defendant has had ***actual notice*** of this action since June 16, 2021, when Plaintiff's counsel sent an email to email-addresses known to be associated with Defendant to inform Defendant that this action had been filed.[1] On June 18, 2021, Defendant sent an email acknowledging receipt (Exhibit A). Thus, even before formal service, Defendant had actual notice of the suit as of June 18 and fully understood the urgency of the claim Plaintiff was asserting.

Second, Defendant's June 18 email was ***in English***, stating that Defendant had scheduled an internal meeting to discuss the action that day. Thus, Defendant's assertions that good cause exists for an extension "[d]ue to the language barriers" between Defendant and its counsel (Mot. ¶ 5) is footless and is not a valid reason for Defendant's delay. This also is grounds to question Defendant's good faith in seeking an extension.

---

[1] Plaintiff's counsel sent the email to, *inter alia*, the address provided by Defendant to Amazon when Defendant submitted the Amazon reports at issue in this action, for the purposes of dispute resolution communications: jinmingbm@163.com. (*See* ECF No. 9 ¶ 3; ECF Nos. 5-2 & 5-3.)

2

Third, although Defendant's June 18, 2021, email indisputably shows that Defendant had actual notice of this action even before it was formally served, Defendant apparently **waited three weeks to retain counsel** in this matter.  (*See* Mot. ¶ 4.)  Such knowing refusal to act in a timely manner does not constitute "excusable neglect."

Fourth, Defendant was well-aware of its deadline to respond to the Complaint, and even contacted Plaintiff's counsel on July 9, 2021, to request Plaintiff's consent for an extension of time.  Plaintiff's counsel stated that it could only consent to an extension if Defendant agreed to retract the Amazon report that is at the heart of this action, because such report is causing Plaintiff irreparable harm.  As explained in the Complaint, Defendant's Amazon report—which falsely alleges that Plaintiff infringed U.S. Design Patent No. D911,835—has resulted in Plaintiff's suspension from selling Plaintiff's foldable gift boxes and damage to Plaintiff's relationship with Amazon and its customers.  (*See* ECF No. 1 ¶¶ 1–4, 28–52, 95.)  If an extension is granted to Defendant, then the irreparable harm to Plaintiff will be extended as well.

Moreover, without further responding to Plaintiff's counsel, or attempting to mitigate the irreparable harm that Plaintiff is continuing to suffer pending a retraction of Defendant's Amazon report or the invalidation of the '835 Patent, Defendant let its deadline to respond to the Complaint pass.  It then filed the present Motion without disclosing its discussions with Plaintiff's counsel, and knowingly falsely stating that "Plaintiff will not suffer any prejudice if the Court grants this Motion."  (Mot. ¶ 7.)  Given the self-evident irreparable harm to Plaintiff from being shut out of the Amazon marketplace, even a one-day delay, let alone the 30-day extension now sought, compounds the injury baselessly inflicted on Plaintiff.

Fifth, in its motion for an extension, Defendant offers no hint of any defense—and there is none.  Defendant's design patent is invalid in light of incontestable prior art—which Defendant

3

has not and cannot contravene—yet, that invalid patent was intentionally submitted to Amazon to block sales of Plaintiff's products.  It is well-known that Amazon uncritically acts upon take-down demands, which unscrupulous sellers, like Defendant, take advantage of by securing invalid design patents and then submitting them to Amazon to shut down their competitors' sales.  (ECF No. 1, Complaint ¶¶ 33-52.)  Since Defendant has not shown "excusable neglect" and has not offered even a semblance of a defense (there is none), granting the extension would further injure Plaintiff, which would be grossly inequitable and weighs against finding "excusable neglect."  This also reveals that Defendant is not acting in good faith when seeking an extension; rather, it wants to enlist the Court's aid in lengthening these proceedings for Defendant's benefit.

Because Defendant has not established "excusable neglect" for its missed deadline, and because Defendant's Motion is based on misstatements, and because the extension would extend the irreparable harm being inflicted on Plaintiff, Plaintiff respectfully requests that the Court deny Defendant's Motion.  Instead, the Court should direct the Clerk to enter default.

Dated: July 26, 2021

Respectfully submitted,

*/s/ Craig C. Reilly*

Craig C. Reilly (Va. Bar No. 20942)
THE OFFICE OF CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Tel.:    (703) 549-5354
Fax:    (703) 549-5355
E-mail: craig.reilly@ccreillylaw.com

OF COUNSEL:
Tuvia Rotberg
Sandra A. Hudak
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY  10018
Tel.:    (212) 216-8000
Fax:    (212) 216-8001
E-mail:  trotberg@tarterkrinsky.com
          shudak@tarterkrinsky.com

***Attorneys for Plaintiff Quest Packaging LLC***